**COUNTY OF CLARK, STATE OF NEVADA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16739.**

United States Court of Appeals Ninth Circuit.

Nov. 28, 1960.

George M. Dickerson, Gordon L. Hawkins, Las Vegas, Nev., for appellant.

Howard A. Heffron, Acting Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Helen A. Buckley, Attys., Dept. of Justice, Washington, D. C., Howard W. Babcock, U. S. Atty., Las Vegas, Nev., for the United States.

Before CHAMBERS and MERRILL, Circuit Judges, and BOWEN, District Judge.

PER CURIAM.

The parties assert opposing claims to a fund in the amount of $52,000.00 now in the hands of the District Court for the District of Nevada and created by the District Court in connection with bankruptcy proceedings. Each claim is based upon tax obligations of the bankrupt estate. The United States claim is founded upon a perfected tax lien for sums due prior to adjudication in bankruptcy. The County claim is based upon taxes accruing during the pendency of the bankruptcy proceedings. The County contends that these sums constitute costs of administration and preservation of the es-

tate and should have precedence over the secured claim of the United States. From decision of the District Court awarding the fund in its entirety to the United States the County has taken this appeal.

On July 16, 1959, in its order for the sale of assets of the bankrupt, Properties Moulin Rouge, Inc., a corporation, the District Court provided that the sale should be subject to certain listed encumbrances, the first of which was for federal, state, county and city taxes, "but in a total amount not in excess of the total sum of $52,000.00 * * *." It directed the referee to "determine and fix the nature, order, rank, priority and amount of the respective portions of the said $52,000.00 to which each of the aforesaid tax claims are or may be entitled * * *." It provided that except for taxes in the specified sum the sale of assets was to be free and clear of all taxes and tax liens. No appeal has been taken from this order. $52,000.00 subsequently was deposited with the clerk of the court and by court order the liens of the tax claimants were transferred to this fund.

The referee determined that the government's lien became choate before bankruptcy. He concluded, however, that the sale of the property by the District Court had resulted in a material benefit to the United States and that it would be unfair and inequitable not to permit a reasonable sum to be allowed the County for the payment of real estate taxes as costs of administration and preservation accruing during the time that the trustee was in possession. The fund was allocated to the United States in the sum of $32,414.38 and to Clark County in the sum of $19,585.62. Both parties petitioned the District Court for review.

Upon review the District Court held that the United States was entitled to the entire amount of the fund. In our view, this ruling was correct.

Secured lien claims are governed by § 67 of the Bankruptcy Act, 11 U.S.C.A. § 107. The tax claim of the United States constitutes a secured statutory lien upon real property valid under the provisions of § 67, sub. b and is not by statute rendered subject to costs of administration and preservation.

The County contends that irrespective of statute law the courts have recognized the equitable principle that encumbered property should be charged with the cost of such services as have been rendered to preserve and protect it or to benefit the secured creditors. The payment of local taxes, however, is of no benefit to the United States, and the share of the estate to which the government otherwise is entitled is not subject to reduction because of such payment. United States v. Wasserman, 1 Cir., 1958, 257 F.2d 491.

The County contends that the Wasserman case is not applicable under the facts before us. It points out that in this case certain secured creditors held claims prior to that of the United States, which claims, it asserts, were equitably subject to local taxes. It contends that application of the Wasserman rule, under these circumstances, is prejudicial to the County as it is tantamount to giving the United States tax lien a priority to which it is not entitled. The County contends that the United States lien should be held subject to local taxes, at least to the extent that prior lienholders were so subject. It points out that in the Wasserman case, while the claim of the government was not reduced in amount, the prior liens did retain their priority, subject only to the reductions allowed for local taxes.

The difficulty with this contention is that no prior lienholders share in the fifty-two thousand dollar fund and there is no share against which the local taxes can be charged. The dispute is limited to the respective priorities of the government lien and the claim of the County. The County's contention in this respect would appear to amount to an attack against the order of sale which directed the creation of this fund. As we have noted, there was no appeal from that order and the manner in which the fund was established and the propriety of its purpose are not subject to question.

Affirmed.